# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. ROBBINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-193 |
| USHER RAYMOND, IV, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se*, Kelvin J. Robbins brought this copyright infringement case against, among others, "Artits-Usher," doc. 1 at 1, later named "Usher-Artist." Doc. 12 at 1. The Court surmises that he is referring to Usher Raymond, IV, a/k/a "Usher," who is also being sued for copyright infringement in *Straughter v. Raymond*, 2011 WL 3651350 at * 3 (C.D. Cal. Aug. 19, 2011) (denying summary judgment to Usher defendants; experts agreed that songs in question were substantially similar to each other); *see also* http://www.lasisblog.com/2011/10/22/will-usher-have-to-pay-up-for-stealing-hit-song/ (site last visited Dec. 1, 2011) (presenting online audio of disputed songs). Hence, the above caption has been amended accordingly; the docket and all subsequent filings

shall conform.

Robbins has supplemented his prior pleadings in an effort to meet the copyright-infringement, pleading requirements set forth in this Court's last Order, doc. 10, *reported at* 2011 WL 5840257, where the Court screened his case pursuant to 28 U.S.C. § 1915(e)(2) for frivolity. Doc. 12. There the Court recounted his allegations

> that he owns and has registered his copyright in the "Comein Over" song.[1] Doc. 3 at 1; doc. 1-1 at 1 (copyright registration).

---

[1] Prima facie copyright ownership facts are established by a successful copyright application:

> If after examination the Register of Copyrights determines that the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of the Copyright Act have been met, the Register registers the claim and issues to the applicant a certificate of registration under the seal of the Copyright Office. The certificate contains the information given in the application, together with the number and effective date of the registration.
>
> In any judicial proceedings, if registration is made within five years after first publication of the work, the certificate of registration constitutes prima facie evidence of the validity of the copyrights and the facts stated in the certificate, including such facts as ownership, the identification of the author, and the statement that the entire work was made for hire, that the work is copyrightable, and that it was original.

8 AM. JUR. 2D COPYRIGHT AND LITERARY PROPERTY § 143 (Nov. 2011) (footnotes omitted). "[N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Robbins has tendered his. Doc. 1-1. Holders may be challenged for failing to deposit with the Copyright Office a copy (or copies, *see* 17 U.S.C. § 408) of their published work. *Hackett v. Feeney*, 2011 WL 4007531 at * 7 (D. Nev. Sep. 8, 2011) ("For a valid copyright registration, an applicant must deposit as a part of his application a copy or copies of the work."); *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, 2011 WL 4357188 at * 6 (S.D.N.Y. Sep. 19, 2011); *see generally* 16

> Through the documentation he submits he seems to be alleging that defendant Usher had access to it and infringed it (via "ring tone" and other performance forms) with his "Daddy's Home" song. Doc. 1-1 at 7; doc. 3 at 1. He also attaches a Wikipedia description of Usher's "Daddy's Home" song, and includes his MySpace pages purporting to show how Usher had access to his song (this is not clear, however, from the face of that exhibit). Doc. 1-1 at 7-8. Finally, Robbins furnishes a Wikipedia print-out showing that "LaFace Records" represents Usher (he has named LaFace as a defendant). Doc. 1-1 at 10. He pursues profits-based and possibly other forms of damages. *See* doc. 1 at 5 ("A relief of $12,000,000"); *id.* ("Mr. Usher and his label has sold over 7,000,000 units/tracks and ringtones combined and made a profit of over [$]20,000,000 in R [sic]"); *see also* doc. 3 at 1.

Doc. 10 at 5-6 (footnote added).

But Robbins failed to plead facts showing substantial similarity between his claimed work and Usher's. *Id.* at 6; *see also Airframe Systems, Inc. v. L-3 Communications Corp.*, 658 F.3d 100, 106 (1st Cir. 2011). He mentioned "evidence of copying in a Disk submitted" (doc. 3 at 2) but neither furnished that disk nor pled facts about its contents. Also, his copyright registration's effective date is May 12, 2011, doc. 1-1 at 1, yet he never said when Usher released his "Daddy's Home" song. So, the Court told him to supply that critical fact, too. Doc. 10 at 7.

In response, Robbins has burdened this Court with pages of

---

A.L.R. Fed. 595 § 2(b); 18 AM. JUR. 2D COPYRIGHT AND LITERARY PROPERTY § 137 (Nov. 2011). But that is not a pleading requirement.

indecipherable ramblings, doc. 12 at 1-7, followed by passages that, liberally construed,[2] *seem* to address the Court's requirements, including a repeat of how Usher had access to his song. In raw, unedited form:

> (1) How Usher had access--
>
> I sent a communication request - to usher's my-space page it was confirmed; and he was added to Top Friends to work with in the future: Demonstration: (citied) in Exhibit's.
>
> (2) Merit-Pleading Rule 8's (a)(1)(2)(3)
>
> See Exhibit's Plaintiff's My-space Page Printout showing Fact/List of friends/Usher citied as friend on Plaintiff's my-space.com page.
>
> (3) Merit-Pleading 17 U.S.C. Section 101 1st work (citied)- See Exhibit Plaintiff music upload dated citied {6-13-2009}--Vs. Ushers Released date {Daddy's Home Song}--See Usher Wikipedia Article Afrimed-- Citied) Dec-8-2009 of his release- Adopting and Pleading 17 U.S.C. 101 1st work by Plaintiff (citied) Usher song Registration is Not Valid (citied) copying from the Originals of the Plaintiff Pleading 17 U.S.C. Section 101 1st work (citied).
>
> Copying can be proven with indirect evidence that the defendant had access (citied) on Plaintiff My-space friend list access- to the allegedly-infringed work and there was a substantial similarity between the two works (citied) in the Disk Submitted Kohus,328 F.3d at 854.

Doc. 12 at 8-9; *see also id.* at 10 ¶¶ (1)-(3). Under a "Substantial

---

[2] "Pleadings filed by *pro se* litigants are entitled to a liberal construction. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009)." *United States v. Connolly*, 2011 WL 5429089 at * 1 (11th Cir. Nov. 10, 2011).

4

Similarity" section of his response, plaintiff provides a legal recitation, followed by this:

> (1) Ushers bells- (citied) playin @ {0:02} plays the same (Performance) – structure texture and beat pulse of the Plaintiff's ©.ed, Sound Recording Granted by Law Title 17, U.S.0 Section 112, Pub. L. No 94-553
>
> (2) @ Time started {2:00-2:20} as u lisin within the time pleaded are facts- showing substantial similarity- between- Plaintiffs {Claimed} work and Ushers work 328 F. 3d at 854.
>
> (3) @ {2:09-2:20} when my music/SR turns down- (citied) Ushers –Brass_ plays the same as Plaintiff's {Claimed} Originals sound structure-performance-harmony-rhythm-melody-an–exact replica of the Original based "piracy" with "similar" exact replica of Plaintiffs ©.ed, work 1st work Section 101 (citied) *Iqbal*, 556 U.S., 129 S. t. 1937, 1949-50
>
> *   *   *   *

Doc. 12 at 9; *see also id.* ¶¶ (1)-(5).

Only by a generous application of the liberal pleading standard can plaintiff's mélange of words, non-words, typographical symbols, and case citation fragments be construed to plead a copyright infringement claim. That effort is assisted by his furnished copyright registration, showing a 2008 "Year of Completion" for "Comein Over." Doc. 1-1 at 1. The registration's "Author" section shows Robbins' full name, followed by this: "Author Created: sound recording, performance, production, music,

5

lyrics." *Id.*; *see also Curington v. UMG Recordings, Inc.*, 2011 WL 3568278 at * 2 (M.D.N.C. Aug. 12, 2011) (noting copyright-protection distinctions between "sound recording" and "musical composition" productions). Robbins thus pleads that he registered his song, Usher infringed (via 2009 internet upload) his pre-registration copyright rights in it, and continues to do so post-registration.

The Court therefore will "green-light" this case. The Clerk is therefore **DIRECTED** to forward the complaint, as amended, and a copy of this Order to the Marshal with instructions to serve defendant. Plaintiff's Motion to Report on Case (doc. 13) is **DENIED**.

**SO ORDERED** this <u>1st</u> day of December, 2011.

/s/ G.R. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA