# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KELVIN J. ROBBINS, )
    Plaintiff, )
)
v. ) Case No. CV411-193
)
USHER RAYMOND, IV, *et al.*, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Kelvin J. Robbins brought this copyright infringement case against, among others, "Artits-Usher" (sic) doc. 1 at 1,[1] later named "Usher-Artist." Doc. 12 at 1. The Court surmised that he meant Usher Raymond, IV, a/k/a "Usher," who is also being sued for copyright infringement in *Straughter v. Raymond*, 2011 WL 3651350 at * 3 (C.D. Cal. Aug. 19, 2011), so it amended the caption of this case accordingly. After Robbins supplemented his pleadings to meet the copyright-infringement pleading requirements set forth in a prior Order, doc. 10, *reported at* 2011 WL 5840257, the Court ruled that his complaint

---

[1] All documents referenced in this Order use the electronic screen-page pagination printed across the top of each page by the Court's CM/ECF software. Those page cites may not always line up with each paper document's printed pagination.

just barely survived frivolity-screening under 28 U.S.C. § 1915(e)(2). Doc. 14, *reported at* 2011 WL 6032972.

Noting that Robbins has never served Usher, doc. 51-1 at 7 n. 1, defendants Sony Music Entertainment, joined by defendant LaFace Records LLC (see doc. 25 at 1), move for summary judgment. Doc. 51. While they cite pleading defects and thus point to Fed. R. Civ. P. 12(b)(6)-dismissal grounds (doc. 51-1 at 7-13, 19-24), they rest their first ground for relief on summary judgment under Fed. R. Civ. P. 56. They argue that "no reasonable jury applying the 'average lay observer' test would find that the Works [Robbins's "Comein Over" rap song versus Usher's "Hey Daddy" song] are substantially similar,' [so Robbins'] copyright claim must be dismissed." *Id.* at 13. To that end, they assume *arguendo* that plaintiff's copyright in his song is valid, "leaving only the issue of copying in dispute." *Id.* at 14, n. 7. Robbins, meanwhile, also moves for summary judgment and judgment on the pleadings, docs. 23 & 39, plus for other relief like a motion to amend, doc. 34, etc.

## I. GOVERNING STANDARDS

### A. Copyright

Defendants have focused on the core element in copyright cases:

2

> The gravamen of a copyright infringement suit is copying. The plaintiff must show that the defendant copied elements of an original work that is protected by the plaintiff's valid copyright. Direct evidence of copying is rarely available, so the law provides a method of proving copying indirectly, which creates a presumption of copying that may be negated with evidence of independent creation.

*Watts v. Butler*, 457 F. App'x 856, 858 (11th Cir. 2012) (cites omitted). That "method of proving copying indirectly" employs shifting burdens of proof:

> A plaintiff can establish prima facie evidence of copying by showing (1) that the defendant had access to the plaintiff's work; that is, a reasonable opportunity to come across the work, *and* (2) that there is a substantial similarity between plaintiff's and defendant's work; that is, an average lay observer would recognize defendant's work as having been taken from plaintiff's work. If the plaintiff is able to make the showing, then a presumption of copying arises and the burden of production shifts to the defendant. A defendant can negate the presumption of copying by presenting evidence that he independently created the work. Once the defendant does so, the presumption is negated and the plaintiff has the burden of proving that the defendant in fact copied his work.

457 F. App'x at 858-59 (emphasis added).

Access and substantial similarity showings are thus interrelated, and although a copyright plaintiff can rely on circumstantial evidence, he cannot rest on speculation. *Id.* at 859-60 (evidence did not support a finding that defendant rap artist had access to plaintiff's copyrighted musical work as would support prima facie evidence of copying in

3

copyright infringement action; plaintiff's work was never commercially distributed, neither plaintiff's work nor his rap group became a commercial success, defendant was too young to have attended clubs where plaintiff's work was being performed, and assumption that members of rap community shared copies of plaintiff's work was conjectural and speculative).

However, "[s]triking similarity evidence is generally considered to be a substitute for access." *Id.* at 861. That is,

> [w]hen a plaintiff in a copyright action cannot demonstrate access, "he may, nonetheless, establish copying by demonstrating that his original work and the putative infringing work are strikingly similar." *Corwin v. Walt Disney*, 475 F.3d 1239, 1253 (11th Cir. 2007). Strikingly similar means that "the proof of similarity in appearance is 'so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.' " *Id.* (quoting *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir.1984)).

*Id.*[2]

Otherwise, to show mere substantial similarity the plaintiff must demonstrate that an average lay observer would recognize the challenged

---

[2] Here, however, the plaintiff "must present evidence that the similarities between the two works are unique or complex." *Watts,* 457 F. App'x. at 862 "This requirement is particularly important with respect to popular music, in which all songs are relatively short and tend to build on or repeat a basic theme." *Id.* at 861-62 (quotes and cite omitted). Robbins makes no such showing here.

song as having been taken from original song. *Id.* at 860. Even if he does, his claim can still be defeated by the Independent Creation defense. Thus if a song or "riff" is shown to be substantially similar (as a riff was so shown in *Watts, id.* at 860-61), then even an uncorroborated claim that the author created it on his own can be enough to rebut the presumption of copying that the law otherwise supplies. *Id.* at 861-62 (defendant rap artist's uncorroborated claim of independent creation was sufficient to rebut presumption of copying in composer's copyright infringement action alleging that three-note riff, or ostinato, in composer's musical work, "Come Up," was copied by rap artist in his song, "Betcha Can't Do it Like Me"; rap artist's claim that he wrote the riff using three adjacent keys on his laptop keyboard and music production software was plausible).[3]

Finally, trivial amounts of copying do not make the grade. *Saregama India Ltd. v. Mosley*, 687 F. Supp. 2d 1325, 1338 (S.D. Fla. 2009) (original song and recording in which sample occurred were not "substantially similar," for purposes of copyright infringement claim brought by recording company against musicians, stemming from

---

[3] Possibly because Usher has yet to be served in this case and thus does not want to otherwise make appearance, defendants do not invoke that defense here.

5

sampling of song in which company allegedly owned rights; sampling constituted snippet of music approximately one second in length).

**B. Summary Judgment[4]**

"The question of substantial similarity can be decided as a matter of law on a motion for summary judgment either where the similarity concerns only noncopyrightable elements of a plaintiff's work, or when no reasonable trier of fact could find the works substantially similar." *Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873, 877 (11th Cir. 2007) (quotes and cite omitted). Judges thus compare the musical and artistic differences between the disputed work and "determine whether,

---

[4] As the Eleventh Circuit recently explained:

> Summary judgment is proper where there are no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir.2007). Genuine disputes arise from evidence sufficient for a reasonable jury to return a verdict for the non-movant. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). In deciding whether there is a genuine issue of fact, the court must view all of the evidence, and all inferences reasonably drawn from the evidence, in the light most favorable to the non-movant. *Raney*, 120 F.3d at 1196. If the non-movant fails to make a sufficient showing as to any essential element of her case for which she has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552 (1986).

*Kurtts v. Chiropractic Strategies Group, Inc.*, 2012 WL 1991929 at * 1 (11th Cir. Jun. 1, 2012).

upon proper instruction, a reasonable jury would find that the works are substantially similar." *Id.* (quotes and cite omitted).[5] That was done in *Lil' Joe.* 245 F. App'x at 880 (summary judgment to alleged infringer because plaintiff failed to meet the intrinsic test; rap song "In Da Club" was not substantially similar to rap song "Its Your Birthday" under intrinsic test for copyright infringement, where the only similarity between the two works was the non-protected phrase "Go ____, it's your birthday" at the beginning of "In Da Club," and this represented only 11 seconds of a three minute, 13-second song).

---

[5] The inquiry subdivides where the original work bears uncopyrightable elements; to establish substantial similarity, a plaintiff

> must satisfy a two-pronged test: (1) an extrinsic, objective test, and (2) an intrinsic, subjective test. Under the extrinsic test, a court will inquire into whether, as an objective matter, the works are substantially similar in protected expression. As a part of this test, the Court will determine whether [the plaintiff] seeks to protect only uncopyrightable elements; if so, the court will grant summary judgment for defendant. Under the extrinsic test, expert testimony is appropriate. Under the intrinsic test, a court will determine whether, upon proper instruction, a reasonable jury would find that the works are substantially similar.

245 F. App'x at 877. Defendants here do not claim that any uncopyrightable element is in play. Doc. 51-1. Nevertheless they basically rely on the intrinsic test, which drives many a summary judgment ruling *Marquardt v. King*, 2011 WL 5042054 at * 7 8 (N.D. Ga. Aug. 10, 2011) ("the Eleventh Circuit has affirmed summary judgment, often with only minimal discovery permitted, on the basis of the intrinsic test.").

7

## II. ANALYSIS

### A. Copying

Defendants insist that Robbins's case fails because he cannot establish a facie evidence of copying by showing: (1) that Usher had access to his work (*i.e.*, a reasonable opportunity to come across the work); and (2) that there is a substantial similarity between plaintiff's and defendant's work. Doc. 51-1 at 14-24. Further, his failure to meet the second element moots the first.

To that end, they have tendered a copy of Usher's "Raymond v. Raymond" album, and the Court has listened to track two ("Hey Daddy (Daddy's Home)"), doc. 51-4, and compared it to plaintiff's "Comein Over" song that plaintiff has furnished on a CD. Doc. 39. Applying the above summary judgment standards, the Court agrees with defendants' description (they reference the two songs as "Works"):

> As is readily apparent after listening to the Works under the "average lay observer" test, the Works sound entirely different and have no musical similarities between them. Davis Decl. at Exs. G and H (copies of Plaintiff's Song and the Challenged Song accompany this motion).

> The songs at issue here have nothing in common. The Plaintiff's Song, solidly in the hip-hop genre, is comprised of a sung chorus that is interspersed between rapped (*i.e.*, not sung) verses. The melody in Robbins's chorus is very simple. Most of the musical

interest in Robbins's song is created in the rapped verses via rhyming and wordplay.

In stark contrast, the Challenged Song is in the contemporary R&B genre, functioning mainly as a showcase for Usher's vocal performance. Usher's melody, which is varied and often highly contoured, is a vehicle for highlighting his skills as a singer. The pacing of the melody and lyrics enables Usher to profile his abilities with vocal runs and turns. Furthermore, Plaintiff's chorus melody and rapped verses are very simple, which is the polar opposite of the dense vocal harmonies and the complex interplay between the lead and background vocals in the Challenged Song.

The instrumental music in the two songs is also entirely dissimilar. Plaintiff's Song is hard-edged and dark, full of dissonant chords and dramatic accents in the percussion and synthesizers. The Challenged Song, on the other hand, has a softer, more romantic feel. Usher's harmonies and melodies in the instrumental parts are pleasant and flowing. In addition, the Challenged Song's instrumental arrangement is dynamic with a wide variety of textures and volume levels in contrast to Plaintiff's Song. Finally, the lyrics in the two songs share no similarity because they are completely different from beginning to end.

Doc. 51-1 at 17-18.

Because plaintiff's case fails on this core element (no copying), it is not necessary to reach the defendants' "access" and other arguments. They are entitled to summary judgment on the core element and thus dismissal of Robbins's case. Plaintiff's own summary judgment and judgment on the pleadings motions (docs. 23 & 39) are baseless, if not nonsensical, and should be denied. The same must be said for the

remainder of his motions. Docs. 16, 34, 46, 47, 48, 54, 58, 59, 64-66.

### B. Capacity for Suit

Sony points out that Robbins has sued two of its corporate divisions -- Epic Label Group and RCA Records. Doc. 51-1 at 7 n. 1. Unincorporated corporate divisions lack the capacity to be sued. *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 440 (D.Md. 2001). Unincorporated divisions, after all, "do not possess any assets -- all assets are owned by the corporation." *Id.*, cited in 9 FLETCHER CYC. CORP. § 4226 (Feb. 2012). The Clerk shall therefore terminate these named defendants from this case.

### C. Fed. R. Civ. P. 4(m)

The above rulings leave Usher Raymond -- still unserved -- as the remaining defendant in this case. Plaintiff shall therefore show, within 14 days of the date this Report and Recommendation is served, good cause why his case against Usher should not be dismissed under Fed. R. Civ. P. 4(m). He may do so in a special filing or within any Fed. R. Civ. P. 72(b)(2) Objection he may care to make to this Report and Recommendation (R&R).

## III. CONCLUSION

The motions of defendants Sony Music Entertainment and LaFace Records LLC for summary judgment should be **GRANTED**. Doc. 51. Plaintiff's case against them should therefore be **DISMISSED WITH PREJUDICE**. Plaintiff's summary judgment and judgment on the pleadings motions (docs. 23 & 39), in turn, should be **DENIED**.

The remainder of plaintiff's motions (docs. 16, 34, 46, 47, 48, 58, 59, 64, 65 & 66) are **DENIED** as frivolous. The motion of Sony and LaFace for a Scheduling Conference is **DENIED** as moot, doc. 57, as is Sony's motion for a leave of absence. Doc. 50. And their "muzzling" motion, doc. 63, is also **DENIED**, with this exception: Because he has unduly burdened this Court with frivolous and nonsensical filings, plaintiff is now restricted (between now and the district judge's ruling on this R&R) **to no more than two filings**: his Rule 4(m) showing, *see supra* Part II(C), and a Fed. R. Civ. P. 72(b)(2) Objection.[6] The Clerk

---

[6] This Court previously warned plaintiff that attorney fees and punitive damages can be awarded against those who bring false or otherwise bogus copyright claims. *Robbins*, 2011 WL 5840257 at * 2 n. 3. Attorney fees and costs were just awarded in another "Usher Raymond" lawsuit also dismissed on non-similarity grounds. There the court reasoned that

> [t]o permit plaintiffs, who filed a meritless action with no cognizable legal or factual basis, to escape without penalty for their conduct would only encourage

11

shall terminate from this case named defendants RCA Records and Epic Records. Finally, Robbins is directed to abstain from telephonically contacting this Court's staff, including its Clerk's office. *All* of his communications shall be restricted to written submissions (motions and briefs) by mail or at the Clerk's window.

**SO REPORTED AND RECOMMENDED** this _13th_ day of June, 2012.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

plaintiffs, who have previously filed frivolous copyright infringement claims, to commence yet further unsustainable litigations that have the potential to chill and significantly burden the independent creation of creative musical works.

*Pyatt v. Raymond*, 2012 WL 1668248 at *8 (S.D.N.Y. May 10, 2012) (granting award based on 17 U.S.C. § 505). Should they be pursued here, then plaintiff may respond.